# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Scott B.,**
**Petitioner Below, Petitioner**

**vs)  No. 17-0061** (Jefferson County CC-19-2013-C-258)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Scott B., by counsel Tracy Weese, appeals the Circuit Court of Jefferson County's December 23, 2016, order denying his revised petition for writ of habeas corpus.[1] Respondent Ralph Terry, Acting Warden, by counsel Elizabeth Davis Grant, filed a response. On appeal, petitioner argues that the circuit court erred in finding that he was a "custodian" under West Virginia Code § 61-8D-5(a), denying him an omnibus hearing, and failing to consider the cumulative effects of the errors alleged.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2007, B.H. reported to law enforcement that petitioner, B.H.'s neighbor, attempted to engage in sexual contact with him after he went onto petitioner's property to look for his missing dog. During the time that law enforcement was investigating this claim, B.H.'s older brother, G.H. Jr., informed law enforcement that petitioner had sexually abused him repeatedly, between the years of 1995 and 2001, beginning when G.H. Jr. was approximately

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Additionally, since the filing of the petition in this case, the warden at Mount Olive Correctional Complex has changed and the acting warden is now Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

nine years old. G.H. Jr. recounted that these acts occurred in the woods behind petitioner's house, at an abandoned home nearby, and "on the mountain."

Also in December of 2007, W.J. Jr. made a report of sexual abuse against petitioner. Per the criminal complaint filed against petitioner, W.J. Jr. recounted to law enforcement that he would go to petitioner's residence to play with his friends and stay the night. During these overnight visits, W.J. Jr. slept in petitioner's bed, and petitioner sexually abused him.

Petitioner gave two separate interviews to law enforcement. Petitioner admitted to sexually abusing both G.H. Jr. and W.J. Jr., but he could not recall abusing B.H. Petitioner stated that he sexually abused G.H. Jr. "forty or [fifty] times. Maybe [sixty]." With one exception, petitioner stated that the sexual abuse always occurred on his property "out in the field looking for deer[,]" but not inside his home. The one exception was an evening either at petitioner's or G.H. Jr.'s home, where petitioner woke up with his pants unbuttoned and wet underwear. Although petitioner could not remember any sexual activity with G.H. Jr. at that time, he stated that G.H. Jr. may have performed oral sex on him. Petitioner stated that his sexual abuse of W.J. Jr. always took place in petitioner's bedroom, and he admitted to over twenty instances of sexual abuse of W.J. Jr.

On January 22, 2009, petitioner was indicted on forty-one counts of sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5.[2] Counts one through forty of the indictment were alleged to have been perpetrated against G.H. Jr. The final count was alleged to have been committed against B.H. A criminal information was subsequently filed against petitioner, alleging one count of sexual abuse by a parent, guardian, or custodian. The criminal information pertained to petitioner's sexual abuse of W.J. Jr.

On April 20, 2009, petitioner waived his right to prosecution by way of indictment with respect to the offense charged in the criminal information and entered into a plea agreement with the State. Petitioner agreed to plead guilty pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), to counts one and two of the indictment, which were alleged to have been committed against G.H. Jr., and to the single-count information, which alleged an offense committed against W.J. Jr.[3] The State agreed to dismiss the remaining counts in the indictment.

On June 22, 2009, petitioner was sentenced. For each count of the indictment to which petitioner pled, the circuit court sentenced him to not less than ten nor more than twenty years of incarceration, and ordered these sentences to run concurrently. Petitioner was sentenced to not

---

[2]In 2005, this statute was amended to include "person in a position of trust to a child" as a potential perpetrator of this crime. The amended statute is not at issue in this appeal. The 1991 and 1998 versions of the statute are applicable. Only the 1998 version is cited, however, because differences between the 1991 and 1998 versions are not at issue.

[3]"An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." *Id.* at 10, 357 S.E.2d at 43, Syl. Pt. 1.

less than ten nor more than twenty years of incarceration on count one of the information, but this sentence was ordered to run consecutively to the sentences imposed on the counts set forth in the indictment.

On July 18, 2013, petitioner filed a pro se petition for writ of habeas corpus. Following appointment of counsel, petitioner filed a revised petition alleging involuntary guilty plea, language barrier to understanding the proceedings, ineffective assistance of counsel, defects in the indictment, non-disclosure of grand jury minutes/testimony, sufficiency of the evidence, question of actual guilt upon acceptance of guilty plea, and excessive sentence. On April 16, 2014, the State filed a response. By order entered on December 23, 2016, the circuit court denied petitioner's revised petition. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner's first assignment of error is that the circuit court erred in finding that there was a sufficient factual basis for his plea. Specifically, petitioner claims he was not a custodian of his victims.[4] With respect to G.H., Jr., petitioner maintains that G.H., Jr. "never said, implied, or suggested that [petitioner] was his babysitter or was babysitting him at the time [of the sexual abuse]." Concerning W.J. Jr., although no statements, recordings, or other documentation of W.J. Jr.'s statements were provided to petitioner or his trial counsel, petitioner argues that the investigating officer's summary of the incidents failed to include an allegation that petitioner was a custodian or caretaker of the boy. Finally, petitioner maintains that in his statements to the police, he never admitted to sexually abusing the children while they were in his care, custody, or control, and that any information concerning his status as his victims' custodian is found only in police summaries of petitioner's statements.

During the relevant time period, West Virginia Code § 61-8D-5(a) (1998) provided, in pertinent part, that

---

[4]Petitioner advances several arguments as to why he was not B.H.'s custodian. The lone charge relative to petitioner's conduct toward B.H. was dismissed, however. The charges to which petitioner pled pertained only to G.H. Jr. and W.J. Jr. Accordingly, we limit our analysis to whether a sufficient factual basis existed to conclude that petitioner was a custodian of G.H. Jr. and W.J. Jr.

3

[i]f any parent, guardian or custodian of a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, . . . then such parent, guardian or custodian shall be guilty of a felony . . . .

At that same time, "custodian" was defined, in pertinent part, as "a person over the age of fourteen years who has or shares actual physical possession or care and custody of a child on a full-time or temporary basis, regardless of whether such person has been granted custody of the child by any contract, agreement or legal proceeding . . . ." *Id.* § 61-8D-1(4) (1988). In *State v. Collins*, 221 W.Va. 229, 654 S.E.2d 115 (2007), this Court was presented with a challenge similar to petitioner's. The appellant in *Collins* argued that the circuit court erred in denying his motion for a directed verdict of acquittal on the charge of sexual abuse by a custodian under West Virginia Code § 61-8D-5 because he was not the victim's custodian. 221 W.Va. at 232, 654 S.E.2d at 118. We found that, although he was "not given the express title of 'babysitter,'" the jury could have concluded that the appellant exercised the same amount of control and supervision as that of a babysitter, thereby properly deeming the appellant a "custodian." *Id.* at 234, 654 S.E.2d at 120. Specifically, the appellant had sexually abused his victim while on a four-wheeler ride, and they had gone four-wheeling on many prior occasions. *Id.* We found that,

[i]n view of such an existing routine, with its implicit parental permission, the jury herein concluded that the [a]ppellant was allowed to, and voluntarily agreed to, take [the victim] under his temporary physical custody when taking her on four-wheeler rides away from his parents' home where she resided. Thus, the [a]ppellant voluntarily became a temporary custodian within the meaning of West Virginia Code § 61-8D-1(4)(1998).

*Collins*, 221 W.Va. at 234, 654 S.E.2d at 120. We also found sufficient evidence from which a jury could conclude that the appellant in *State v. Timothy C.* was a custodian of his victim. 237 W.Va. 435, 450, 787 S.E.2d 888, 903 (2016). In reaching this finding, we noted the "level of familiarity between the [appellant, his victim, and his victim's] family." *Id.* The appellant in *Timothy C.* was his victim's neighbor, and the appellant's children played with the victim and her siblings. *Id.* Further, the appellant had visited his victim's home, been in her bedroom, and frequently played with her. *Id.*

In the instant matter, petitioner had a relationship with G.H. Jr. that involved G.H. Jr. and petitioner frequently looking for deer together, playing baseball together, and, at least in one instance, spending the night together. When asked why he did not report the sexual abuse earlier, G.H. Jr. responded that petitioner was "like family." It matters not that petitioner was not formally designated a "babysitter." Petitioner clearly had established a level of familiarity with G.H. Jr. that allowed for them to be together on petitioner's property hunting and playing during which the sexual abuse took place. Petitioner established a routine with G.H. Jr. whereby he had temporary physical custody of the child during the times that he sexually abused him. Accordingly, we find no abuse of discretion in the circuit court's finding that there was a sufficient factual basis to conclude that petitioner was a custodian of G.H. Jr. at the time he sexually abused him.

With respect to W.J. Jr., whom petitioner called a "good friend," petitioner's statements to the police detail that the sexual abuse occurred while W.J. Jr. was spending the night at petitioner's home. The fact that petitioner did not use the words "care," "custody," or "control" in detailing his sexual abuse of his victims does not mean that his victims were not under his care, custody, or control. Accordingly, we find that a sufficient factual basis existed to support petitioner's status as a custodian of W.J. Jr.

Petitioner next assigns as error the circuit court's failure to hold an omnibus hearing. Petitioner contends that an omnibus hearing was necessary because "neither the parents nor the alleged victims reported that the incidents took place while [petitioner] was charged with caring for the minors[;]" an evidentiary hearing is the only way to explore whether counsel rendered ineffective assistance in allowing petitioner to enter into a plea agreement designating him a "custodian" where that evidence was allegedly lacking; and the plea hearing transcript does not clearly reveal whether petitioner's plea was knowing and voluntary given the "custodian" issues recounted above.

We have previously held that

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). Petitioner cites no law mandating that an omnibus hearing be held when certain claims are pled. To the contrary, the decision to hold a hearing rests in the "sound discretion" of the circuit court. *Tex S. v. Pszczolkowski*, 236 W.Va. 245, 253, 778 S.E.2d 694, 702 (2015) (citation omitted). Additionally, petitioner's asserted need for an evidentiary hearing concerns whether he qualified as a custodian for purposes of his conviction under West Virginia Code § 61-8D-5(a). As set forth above, there was ample evidence to support the conclusion that he was a "custodian" of his victims. Thus, we find no abuse of discretion in the circuit court's failure to hold an omnibus hearing.

Petitioner's final assignment of error is that the circuit court failed to consider the cumulative effect of the errors alleged in his petition for writ of habeas corpus. The circuit court, however, found no error. The cumulative error doctrine does not apply where no errors are found. *See State v. Knuckles*, 196 W.Va. 416, 426, 473 S.E.2d 131, 141 (1996). "Cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors." *Id.* Accordingly, we find no error in this regard.

For the foregoing reasons, we affirm the circuit court's December 23, 2016, order denying petitioner's revised petition for writ of habeas corpus.

Affirmed.

**ISSUED:**  January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker